United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO ORTEGA,

    Plaintiff,

v.

MARK RITCHIE, et al.,

    Defendants.

Case No. 18-cv-02944-HSG (PR)

**ORDER TO SHOW CAUSE RE: CONTEMPLATED DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. Nos. 2, 5, 6, 7, 8

## INTRODUCTION

On May 18, 2018, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously incarcerated. The complaint is now before the Court for review pursuant to 28 U.S.C. §1915A. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. §1915(a). Good cause appearing, such leave will be granted.[1] This order requires plaintiff to explain why this action should not be dismissed as duplicative of an earlier action, barred by the doctrine of res judicata, and barred by the statute of limitations.

---

[1] As plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915, the entire filing fee will be waived and plaintiff will not be required to pay the fee by way of monthly installments, unlike prisoners who must do so under 28 U.S.C. § 1915(b). *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (holding financial reporting and filing fee requirements of 28 U.S.C. § 1915(a)(2) and (b) apply only to "prisoners," i.e., individuals who, at time of filing civil action, are detained as result of being accused of, convicted of, or sentenced for criminal offense); *see also United States v. Budell*, 187 F.3d 1137, 1141 (9th Cir. 1999) (holding insanity acquittee not prisoner in custody under sentence).

**BACKGROUND**

In his complaint, plaintiff alleges that defendant SCCJ medical doctors Mark Ritchie, Amarjit Grewal, Beverly Purdy, Gilda Versales, Salma Khan, and Michael Meade along with defendant SCCJ registered nurse Christine Ferry (collectively "medical defendants") denied him necessary mental health treatment and medications between March 22, 2007 and February 6, 2014. Plaintiff names as additional defendants Santa Clara County Sheriff Laurie Smith, Santa Clara County Chief of Corrections Edward Flores, and Captain of Santa Clara County Department of Corrections David Sepulveda (collectively "supervisory defendants"). Plaintiff alleges that these defendants failed to properly supervise, train, and monitor their subordinates to ensure that plaintiff received timely referrals for medical and psychiatric care.

The allegations of the complaint largely repeat the allegations in an action filed by plaintiff in 2015. In that 2015 action, *Ortega v. Ritchie, et al.*, Case No. 15-cv-4876 HSG, plaintiff alleged that the medical defendants denied him access to mental health treatment and that the supervisory defendants promulgated and condoned policies by which SCCJ staff delayed in providing adequate mental health care to inmates. The Court found that, liberally construed, plaintiff's allegations stated cognizable due process claims for deliberate indifference to his serious medical needs. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) (pre-trial detainee's claim for deliberate indifference to medical needs derives from the Due Process Clause rather than the Eighth Amendment).

In that case, on February 27, 2017, the Court granted the defendants' motion for summary judgment and judgment was entered in favor of the defendants. Plaintiff appealed and, on January 5, 2018, the Ninth Circuit affirmed the judgment. The mandate issued on January 29, 2018.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

2

*Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint has three problems that must be addressed at the outset. The similarities between the present complaint and the complaint in Case No. 15-cv-4876 HSG indicate to the court that the present complaint appears to be subject to dismissal because it duplicates an earlier action or, along similar lines, is barred by the doctrine of res judicata. Further, the lengthy period of time between the events complained of and the filing of this action indicate to the Court that this action also might be time-barred.

Duplicative action: The district court may dismiss an *in forma pauperis* complaint "'that merely repeats pending or previously litigated claims.'" *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints).

Plaintiff must file a written response showing cause why this action should not be dismissed as duplicative of his 2015 action. Even though he adds allegation regarding different incidents occurring between March 22, 2007 and February 6, 2014 with regard to his medical care, he appears to be asserting the same basic claims as he asserted in the 2015 action.

Res judicata: The related doctrines of res judicata and collateral estoppel limit the ability of litigants to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a

3

suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata bars not only every claim that was raised in the earlier action but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applied where single core of operative facts formed basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applied where factual basis for Title VII claim was same as factual basis for § 1983 claim raised earlier; even though legal theory was different, plaintiff sought to vindicate the same wrong in each instance and could have amended in prior action to include Title VII claim). The court may examine the preclusive effect of a prior judgment sua sponte. *See McClain*, 793 F.2d at 1032-33.

It appears that the doctrine of res judicata bars plaintiff from relitigating the due process claims because the same claims are being pursued, plaintiff is the same party as in the earlier case, and the adjudication of the earlier action was final and on the merits.

Statute of limitations problem: A statute of limitations problem also appears to exist for the complaint. Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, making the statute of limitations period for § 1983 claims two years as well. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause

4

of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1.

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (Cal. 1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the acts and omissions alleged in the complaint occurred.

Plaintiff must file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, plaintiff is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

//

//

**CONCLUSION**

The complaint appears to be duplicative, barred by res judicata, and barred by the statute of limitations. Plaintiff must file a written response within **thirty (30) days** of this order, showing cause why this action should not be dismissed for each of these reasons. Failure to file the response by the deadline will result in the dismissal of this action.

Pursuant to plaintiff's request (dkt no. 7), the Clerk shall send plaintiff a copy of the docket in this action. Plaintiff's request to serve defendants (dkt. no. 8) is DENIED as premature.

This order terminates Dkt. Nos. 2, 5, 6, 7, and 8.

**IT IS SO ORDERED.**

Dated: 8/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge