United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO ORTEGA,

Plaintiff,

v.

MARK RITCHIE, et al.,

Defendants.

Case No. 18-cv-02944-HSG (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

On May 18, 2018, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously incarcerated. The Court ordered him to show cause why this action should not be dismissed as duplicative of an earlier action, barred by the doctrine of res judicata, and barred by the statute of limitations. Dkt. No. 9. Plaintiff has filed a response. Dkt. No. 14.

**BACKGROUND**

In his complaint, plaintiff alleges that defendant SCCJ medical doctors Mark Ritchie, Amarjit Grewal, Beverly Purdy, Gilda Versales, Salma Khan, and Michael Meade along with defendant SCCJ registered nurse Christine Ferry (collectively "medical defendants") denied him necessary mental health treatment and medications between March 22, 2007 and February 6, 2014. Plaintiff names as additional defendants Santa Clara County Sheriff Laurie Smith, Santa Clara County Chief of Corrections Edward Flores, and Captain of Santa Clara County Department of Corrections David Sepulveda (collectively "supervisory defendants"). Plaintiff alleges that these defendants failed to properly supervise, train, and monitor their subordinates to ensure that plaintiff received timely referrals for medical and psychiatric care.

United States District Court
Northern District of California

1    The allegations of the complaint largely repeat the allegations in an action filed by plaintiff

2    in 2015.  In that 2015 action, *Ortega v. Ritchie, et al.*, Case No. 15-cv-4876 HSG, plaintiff alleged

3    that the medical defendants denied him access to mental health treatment and that the supervisory

4    defendants promulgated and condoned policies by which SCCJ staff delayed in providing

5    adequate mental health care to inmates.  The Court found that, liberally construed, plaintiff's

6    allegations stated cognizable due process claims for deliberate indifference to his serious medical

7    needs.  *See Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) (pre-trial detainee's

8    claim for deliberate indifference to medical needs derives from the Due Process Clause rather than

9    the Eighth Amendment).

10    In that case, on February 27, 2017, the Court granted the defendants' motion for summary

11    judgment and judgment was entered in favor of the defendants.  Plaintiff appealed and, on January

12    5, 2018, the Ninth Circuit affirmed the judgment.  The mandate issued on January 29, 2018.

13                                              **DISCUSSION**

14    The related doctrines of res judicata and collateral estoppel limit the ability of litigants to

15    relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine),

16    "a final judgment on the merits of an action precludes the parties or their privies from relitigating

17    issues that were or could have been raised in that action. Under collateral estoppel [also known as

18    the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its

19    judgment, that decision may preclude relitigation of the issue in a suit on a different cause of

20    action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation

21    omitted).  Res judicata bars not only every claim that was raised in the earlier action but also bars

22    the assertion of every legal theory or ground for recovery that might have been raised in support of

23    the granting of the desired relief.  The court may examine the preclusive effect of a prior judgment

24    sua sponte.  *See McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).  "In order for res

25    judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and

26    3) identity or privity between parties."  *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189,

27    1192 (9th Cir. 1997) (citing *Blonder-Tongue Labs., Inc. v. University of Ill. Found.,* 402 U.S. 313,

28    323-24 (1971)).

2

1    Here, all three requirements for res judicata are satisfied. The first requirement is an

2    identity of claims.  There is an identity of claims in the 2015 action and in this action as the

3    pleadings allege the same basic operative facts (i.e., denial of access to mental health care and

4    supervisory liability) and seek recovery for a violation of the same constitutional right (i.e.,

5    plaintiff's Fourteenth Amendment due process right).  *See Hells Canyon Pres. Council v. U.S.*

6    *Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (quoting *Costantini v. Trans World Airlines*, 681

7    F.2d 1199, 1201-02 (9th Cir. 1982) (whether there is an identity of claims turns on: "(1) whether

8    rights or interests established in the prior judgment would be destroyed or impaired by prosecution

9    of the second action; (2) whether substantially the same evidence is presented in the two actions;

10   (3) whether the two suits involve infringement of the same right; and (4) whether the two suits

11   arise out of the same transactional nucleus of facts.  The last of these criteria is the most

12   important.").

13   The fact that plaintiff adds new allegations regarding different incidents occurring between

14   March 22, 2007 and February 6, 2014 with regard to his medical care does not alter the Court's

15   conclusion that there is an identity of claims between the 2015 action and the present action.  A

16   plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not

17   alleged in the prior action, or by pleading a new legal theory.  *See McClain v. Apodaca*, 793 F.2d

18   1031, 1034 (9th Cir. 1986); *see, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir.

19   2002) (ERISA claim was barred where plaintiff's prior action had been dismissed because his state

20   law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid

21   ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion

22   applied where single core of operative facts formed basis of both lawsuits and plaintiff neglected

23   to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on

24   cause of action for employment discrimination); *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829,

25   834 (5th Cir. 1983) (claim preclusion applied where factual basis for Title VII claim was same as

26   factual basis for § 1983 claim raised earlier; even though legal theory was different, plaintiff

27   sought to vindicate the same wrong in each instance and could have amended in prior action to

28   include Title VII claim).

3

1      The second requirement for res judicata is a final judgment on the merits. There is a final

2 judgment on the merits because the 2015 action ended in summary judgment in defendants' favor.

3 The decision was affirmed on appeal, and the judgment entered on February 27, 2017 has long

4 since become a final judgment.

5      The third requirement is an identity of parties.  There is an identity of parties between the

6 two actions: plaintiff was the plaintiff in both actions, and all of the present defendants were

7 defendants in the 2015 action.

8      Nothing in plaintiff's response controverts the above findings or otherwise shows cause

9 why the doctrine of res judicata should not be applied here.  Accordingly, plaintiff is barred from

10 litigating this case, and the action will be dismissed.[1]  Dismissal is with prejudice because it

11 appears amendment would be futile.  S*ee Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir.

12 2000) (en banc) (leave to amend not necessary when no amendment could save complaint).

### CONCLUSION

14      This action is DISMISSED with prejudice.  The Clerk shall enter judgment and close the

15 file.

16      **IT IS SO ORDERED.**

17 Dated: 1/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the Court concludes that the action is barred by res judicata, it need not decide whether the action is barred as duplicative or barred by the statute of limitations.

4